UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 20-cr-20495

v.

                                              Hon. Sean F. Cox
KENNETH BOWDEN,                   United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF ORDER OF DETENTION AND REQUEST FOR BOND**

The defendant in this criminal case moves the Court to revoke a magistrate judge's order detaining him pending a supervised release violation hearing. Because the defendant fails to show by clear and convincing evidence that he does not pose a danger to any individual or the community, the Court denies the defendant's motion.

## BACKGROUND

Defendant Kenneth Bowden pled guilty to possession with intent to distribute heroin under 21 U.S.C. § 841(a)(1) in the U.S. District Court for the Southern District of West Virginia. Defendant was sentenced to 97 months of incarceration followed by four years of supervised release. Defendant's term of supervised release began on August 11, 2020. This Court accepted jurisdiction over Defendant in October 2020.

This Court has since determined that Defendant violated the terms of his supervised release on two occasions. With respect to the first occasion, Defendant was stopped in a vehicle by South Carolina police on September 8, 2021. (ECF No. 3). Before the stop, police officers had observed Defendant "making multiple stops at Federal Credit Unions and Banks attempting

1

to cash counterfeit checks." (*Id.* at 21).  Police recovered two pistols and payroll checks from the vehicle.  On October 22, 2021, the Court ordered that Defendant's location be monitored by electronic tether.

Concerning the second incident, Defendant pled guilty to failing to notify Officer Campana that he had changed his residence, failing to appear at drug treatment and counseling appointments, and failing a drug test.  (ECF No. 12).  On September 22, 2023, the Court continued the term of Defendant's supervised release.  (ECF No. 13).

Defendant is now accused of violating the terms of his supervised release for a third time.  On December 20, 2023, Defendant's probation officer, Elizabeth Campana, alleged in a violation report and petition (the "Petition") that Defendant violated the terms of his supervised release that prohibited him from committing crimes and from possessing narcotics.  (ECF No. 14).  The facts alleged in the Petition are as follows.

On November 23, 2023, at approximately 3:30 A.M., Defendant entered a residence where a woman ("Victim #1") was sleeping.  (ECF No. 28-4).  Victim #1 woke up to Defendant trying to get in bed with her.  Victim #1 told Defendant to leave, and he began tickling her.  When Defendant refused to leave, Victim #1 told Defendant to stop, pushed him away, and kicked him.  Defendant then twice slapped Victim #1 in the face, took her phone, and left her home.  Victim #1 had bruising on both sides of her neck, which she stated were hickeys that Defendant had caused on an earlier day.

On December 2, 2023, a second woman ("Victim #2") got in a verbal altercation with Defendant in a bar after Defendant had accused her of flirting.  (ECF No. 28-5).  Victim #2 and Defendant subsequently left the bar in Victim #2's car.  Defendant was driving and Victim #2

was in the passenger seat. Defendant then pulled over onto side streets and began choking Victim #2.

Victim #2 exited her vehicle, ran into a restaurant, and Defendant dragged her back into her car by her hair. Victim #2 eventually escaped, barricaded herself in a gas station bathroom, and made contact with police. Defendant drove away in Victim #2's car and did not return it. Victim #2 later identified Defendant in a lineup.

On December 17, 2023, Detroit Police Department officers found Defendant asleep at the wheel of a car. (ECF No. 28-7). Defendant's speech was slurred, and his eyes were bloodshot. Defendant failed several field sobriety tests, and a breathalyzer test registered that his blood-alcohol content was .076. Officers recovered a baggie containing oxycodone pills from the vehicle and an additional oxycodone pill from Defendant's person.

Defendant appeared before Magistrate Judge Elizabeth A. Stafford on January 9, 2024, for a detention hearing on the violations alleged in the Petition. Magistrate Judge Stafford ordered Defendant detained pending the supervised release violation hearing. (ECF No. 23).

Defendant now moves the Court under 18 U.S.C. § 3145(b) to revoke Magistrate Judge Stafford's detention order, release him on bond, and order home confinement pending the supervised release violation hearing. (ECF No. 24). The Government opposes Defendant's motion. (ECF No. 28).

The Court held a hearing on Defendant's motion on February 1, 2024. In advance of the hearing, the Government submitted copies of police reports concerning the incidents on November 23, December 2, and December 20, 2023. The Government also submitted a photograph of Victim #2 taken on December 20, 2023. She lay in a hospital gown and a neck brace. Both of her eyes are blackened, and she has a scratch below her left eye. The bridge of

her nose is swollen, and blood flows down from her nostrils. Blood also streams from her lips, which are bruised.

Defendant also submitted evidence in advance of the hearing. Defendant's evidence showed that charges were filed against Defendant in Michigan's 36th District Court for driving while intoxicated and possessing narcotics with respect to the incident on December 17, 2023. (ECF No. 32-1). The state court entered a plea of not guilty and later dismissed the charges without prejudice after the complaining witness failed to appear at the preliminary examination. (ECF No. 32-2).

For the reasons below, the Court denies Defendant's Motion for Revocation of Order of Detention and Request for Bond.

## STANDARD OF REVIEW

A defendant who has been ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This Court reviews a magistrate judge's order of detention pending a supervised release violation hearing de novo. *United States v. Irby*, No. 17-cr-20190, 2021 WL 5822386, at *2 (E.D. Mich. Dec. 8, 2021) (Goldsmith, J.).

When a person appears before a judicial officer on an alleged supervised release violation, the officer must order the person detained pending a supervised release violation hearing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."[1] 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 32.1(a)(6), 46(d). And "[t]he burden of

---

1. This standard does not apply to "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). This exception does not apply to Defendant. (*See* ECF No. 29-1, PageID.149).

4

establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

## ANALYSIS

To resolve Defendant's motion, the Court must determine whether Defendant has shown by clear and convincing evidence that he will not flee or pose a danger to any person or to the community if he is released pending the hearing on the supervised release violations alleged in the Petition. Defendant fails to carry this burden.

The only evidence that Defendant introduced showed that the state-court charges against him for driving while intoxicated and possessing narcotics on December 17, 2023, were dismissed without prejudice because the complaining witness failed to appear. Even if the Court infers from this evidence that Defendant did not drive while intoxicated or possess oxycodone pills on December 17, 2023, Defendant has presented no positive evidence to rebut the statutory presumption of dangerousness. The Court denies Defendant's motion.

Defendant's arguments in support of his motion misconstrue the nature of this proceeding and the statutory presumption of dangerousness that applies. For example, Defendant invokes 18 U.S.C. § 3142, which governs pretrial detentions. Section 3142 requires judicial officers to detain defendants if "the judicial officer finds that no condition or combination of terms will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(d).

Defendant argues that the Court must consider whether alternatives to detention would guarantee the safety of individuals and the community. This argument is misguided. 18 U.S.C. § 3143, not § 3142, governs detentions pending a supervised release violation hearing. Thus, the Court need not consider alternatives to detention because § 3143 effectively presumes that only

the detention of a defendant accused of a supervised release violation will guarantee that individuals and the community are safe from him or her.

Defendant also argues that the Fifth Amendment to the U.S. Constitution precludes the Court from considering the facts alleged in the Petition in considering whether to detain him pending the supervised release violation hearing. This argument could hold water if Defendant were had not yet been convicted of a crime and § 3142 applied here, but it is not helpful to Defendant in a postconviction detention proceeding under § 3143. The Court does not consider the facts alleged in the Petition. The Courts considers only the statutory presumption of dangerousness imposed by § 3143 and whether Defendant rebuts that presumption by clear and convincing evidence.

Defendant further points to the fact that he has not yet been convicted of any crimes alleged in the Petition, and any charges brought in connection with those alleged crimes will not be resolved in the state courts for some time. This argument presumes that the Court considers the merits of the allegations in the Petition. As discussed above, the Court does not.

In sum, Defendant's attempts to avoid the statutory presumption of dangerousness fail.

## CONCLUSION & ORDER

Defendant fails to rebut the statutory presumption of dangerousness imposed by 18 U.S.C. § 3143. Accordingly, **IT IS ORDERED** that Defendant Kenneth Bowden's Motion for Revocation of Order of Detention and Request for Bond is **DENIED**.

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: February 7, 2024